# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Appellee,<br><br>v.<br><br>GABRIEL AGUSTO-CABRERA,<br><br>                Defendant-Appellant. | Case No.: 19-mj-23138-RNB-H-1<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE CONVICTION AND JUDGMENT** |

On August 20, 2019, Defendant Gabriel Agusto-Cabrera filed a notice of appeal to the district court. (Doc. No. 9.) The appeal is timely, and the Court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3402.

## Background

On July 31, 2019, Defendant was arrested approximately 550 yards north of the United States/Mexico border and two miles east of the Tecate, California Port of Entry. (Doc. No. 1 at 2.) Defendant stated that he is a citizen of Honduras without any immigration documents allowing him to enter or remain in the United States legally. (Id.) Defendant subsequently stated that he entered the United States on July 31, 2019. (Id.)

On August 1, 2019, the Government filed a criminal complaint charging Defendant with being "an alien, [who] attempted to enter the United States at a time or place other

than as designated by immigration officers, a misdemeanor; in violation of Title 8 United States Code, Section 1325(a)(1)."  (Doc. No. 1.)  On August 1, 2019, Defendant appeared before the Magistrate Judge for an initial appearance.  (Doc. No. 4.)

On August 6, 2019, Defendant appeared before the Magistrate Judge and entered a plea of guilty without a plea agreement to the single count for violation of 8 U.S.C. § 1325(a)(1) in the complaint. (Doc. No. 13 at 14; Doc. Nos. 6, 7.)  At the end of the hearing, the Magistrate Judge accepted Defendant's guilty plea and subsequently sentenced Defendant to time served.  (Doc. No. 13 at 15, 20; Doc. Nos. 6, 7.)

The Magistrate Judge entered a final judgment on August 6, 2019.  (Doc. No. 7.)  On August 20, 2019, Defendant filed a timely notice of appeal.  (Doc. No. 9.)  See Fed. R. Crim. P. 58(g)(2)(B) (setting forth a 14-day deadline for filing an appeal from a magistrate judge's judgment of conviction).

## Discussion

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."  18 U.S.C. § 3402.  Federal Rule of Criminal Procedure 58(g)(2)(B) provides: "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry."  Fed. R. Crim. P. 58(g)(2)(B).

On appeal, Defendant raises two challenges to his conviction for violation of 8 U.S.C. § 1325(a)(1).  First, Defendant argues that his criminal proceedings violated the Equal Protection Clause and the Due Process Clause of the United States Constitution.  (Doc. No. 15 at 1, 3-14.)  Second, Defendant argues that 8 U.S.C. § 1325(a) is facially unconstitutional under the Supreme Court's decision in Sessions v. Morales-Santana, 137 S. Ct. 1678 (2017).  (Id. at 1, 14-19.)  The Court addresses each of these challenges in turn below.

///

///

## I. Defendant's Equal Protection and Due Process Claims

Defendant argues that his conviction should be vacated because his criminal proceedings violated the Equal Protection Clause and the Due Process Clause of the United States Constitution. (Doc. No. 15 at 1, 3-14.) Specifically, Defendant argues that his criminal proceedings violated his equal protection and due process rights because criminal defendants charged with violating 8 U.S.C. § 1325 are not prosecuted through the Central Violations Bureau ("CVB") court. (Id. at 3-14.) Constitutional issues are reviewed *de novo* on appeal. United States v. Kuchinski, 469 F.3d 853, 857 (9th Cir. 2006); see United States v. Vongxay, 594 F.3d 1111, 1114 (9th Cir. 2010).

As an initial matter, the Court notes that Defendant has waived these specific constitutional challenges. In a recent decision, the Ninth Circuit held that a defendant who enters an unconditional guilty plea – "e.g., without a written plea agreement preserving identified issues for appeal" – before a magistrate judge to one count of illegal entry into the United States waives his ability to raise due process and equal protection challenges to the handling of his prosecution on appeal. United States v. Chavez-Diaz, 949 F.3d 1202, 1204, 1206-07 (9th Cir. 2020). Here, Defendant entered an unconditional guilty plea without a written plea agreement before the Magistrate Judge to one count of illegal entry into the United States in violation of 8 U.S.C. § 1325(a)(1). (Doc. No. 13 at 14-15; Doc. Nos. 6, 7.) In light of his unconditional guilty plea, Defendant has waived his equal protection and due process challenges to his criminal proceedings. See Chavez-Diaz, 949 F.3d at 1207 ("[Defendant] through his guilty plea plainly waived his right to appeal his equal protection and due process claims.").

Moreover, Defendant's equal protection and due process challenges fail on the merits. Defendant asserts that the Government's failure to prosecute him in CVB court violates his equal protection rights for two reasons. First, Defendant argues that he and others charged with violating 8 U.S.C. § 1325 are, by definition, set apart on the basis on their alienage and national origin. (Doc. No. 15 at 7.) Second, Defendant argues that the government's policy of prosecuting everyone except § 1325 defendants in CVB court

violates equal protection under the doctrine of selective prosecution. (Id. at 10-13.)

The Ninth Circuit has explained: "However, there is a distinction between statutes which classify based on alienage and statutes which classify based on criminal actions. Given Congress' plenary power over immigration, imposing different rules on immigrants versus citizens does not in itself create a suspect classification." United States v. Mendoza-Hinojosa, 216 F.3d 1085, at *2 (9th Cir. 2000) (citing Fiallo v. Bell, 430 U.S. 787, 792 (1977)). Here, the statute at issue, 8 U.S.C. § 1325(a)(1), prohibits "[a]ny alien" from "enter[ing] or attempt[ing] to enter the United States at any time or place other than as designated by immigration officers." The statute creates a classification based upon specific criminal action, "enter[ing] . . . the United States at any time or place other than as designated by immigration officers," and not alienage. See United States v. Mazariegos-Ramirez, No. 18MJ22276-WQH, 2019 WL 338923, at *2 (S.D. Cal. Jan. 28, 2019) (holding that the related provision "[8 U.S.C. § 1325(a)(2)] creates a classification based upon criminal action and not alienage."). Thus, the statute does not create a suspect classification.

"Non-suspect classifications are 'constitutionally valid if there is a plausible policy reason for the classification, the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational.'" Allied Concrete & Supply Co. v. Baker, 904 F.3d 1053, 1060 (9th Cir. 2018). "'Further, because the classification is presumed constitutional, the burden is on the [party] attacking the legislative arrangement to negative every conceivable basis which might support it.'" Id. at 1060-61. Here, Defendant has failed to negate every conceivable basis to support prosecuting him for violation of § 1325(a)(1) in the district court rather than the CVB court. First, the CVB is charged with processing violation notices (tickets) issued for petty offenses committed on federal property. Defendant does not assert that his offense occurred on federal property, and there is nothing in the record showing that the offense occurred on federal property. Second, in order to receive a CVB

violation notice, a defendant must provide the issuing officer with a U.S. mailing address. (See Doc. No. 15 at 4.) There is nothing in the record showing that Defendant possesses a U.S. mailing address. Third, prosecuting § 1325 defendants in the district court conserves judicial resources. See United States v. Ramirez-Ortiz, No. 3:19-CR-00300-BTM, 2019 WL 950332, at *1 (S.D. Cal. Feb. 27, 2019) ("Misdemeanor § 1325 cases are handled together rather than on the CVB calendar because it makes 'organizational sense' given the volume of § 1325 cases and divergent jurisdictional underpinnings of CVB court."); United States v. Chavez-Diaz, No. 18MJ20098 AJB, 2018 WL 9543024, at *3 (S.D. Cal. Oct. 30, 2018), rev'd on other grounds by 949 F.3d 1202 (9th Cir. 2020) ("Due to the numbers, and the similarity of the charges, and misdemeanor proceedings under Rule 58, including a plea offer for time served if the plea is tendered early on, the misdemeanor § 1325 cases are handled together. It makes simple organizational sense."); see also Bankers Life & Cas. Co. v. Crenshaw, 486 U.S. 71, 82 (1988) (recognizing the conservation of judicial resources as a legitimate government interest). As a result, Defendant's equal protection claim fails.

Defendant also asserts that the Government's failure to prosecute him in CVB court violates his substantive and procedural due process rights. (Doc. No. 15 at 13-14.) The Court rejects this argument. "'[S]ubstantive due process' prevents the government from engaging in conduct that 'shocks the conscience' or interferes with rights 'implicit in the concept of ordered liberty.'" United States v. Salerno, 481 U.S. 739, 746 (1987) (citations omitted). Thus, in order to establish a violation of substantive due process, a claimant must show that the "the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Cty. of Sacramento v. Lewis, 523 U.S. 833, 847 (1998); see Rochin v. California, 342 U.S. 165, 172–73 (1952). "[This] 'shock the conscience' standard erects a high hurdle for would-be claimants." Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 21 (1st Cir. 2007); accord Ms. L. v. U.S Immigration & Customs Enf't, 302 F. Supp. 3d 1149, 1166 (S.D. Cal. 2018). Prosecution for violation of 8 U.S.C. § 1325(a) in the district court

rather than in the CVB court falls well short of "shocking the contemporary conscience," and, thus, Defendant's substantive due process claim fails.

Defendant's procedural due process claim also fails. "A procedural due process claim has two elements." Franceschi v. Yee, 887 F.3d 927, 935 (9th Cir. 2018). The claimant must demonstrate: "'(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.'" Id. Here, Defendant fails to explain how he was denied adequate procedural protections. Defendant's proceedings were conducted in accordance with the Federal Rules of Criminal Procedure, and Defendant does not contend that any aspect of his criminal proceedings violated those procedural rules. Cf. Ludwig v. Astrue, 681 F.3d 1047, 1053 (9th Cir. 2012) ("'Notice and [a meaningful] opportunity to be heard are the hallmarks of procedural due process.'"). As a result, Defendant's procedural due process claim fails.

In sum, Defendant has failed to show that his conviction for violation of 8 U.S.C. § 1325(a)(1) violated the Equal Protection Clause or the Due Process Clause of the United States Constitution. See Mazariegos-Ramirez, 2019 WL 338923, at *2 (holding that the defendant's prosecution for violation of 8 U.S.C. § 1325(a) in the district court rather than in CVB court "does not the violate the Equal Protection Clause or the Due Process Clause of the United States Constitution"); Ramirez-Ortiz, 2019 WL 950332, at *1-2 (holding the same); United States v. Benito-Mendoza, No. 19-MJ-23597-RNB-CAB, 2020 WL 206183, at *1-2 (S.D. Cal. Jan. 13, 2020) (holding the same).

**II.     Defendant's Facial Challenge to the Constitutionality of 8 U.S.C. § 1325(a)**

Defendant argues that the Court should vacate his conviction for violation of 8 U.S.C. § 1325(a)(1) because § 1325 is facially unconstitutional under the Equal Protection Clause in light of the Supreme Court's recent decision in Sessions v. Morales-Santana, 137 S. Ct. 1678 (2017). (Doc. No. 15 at 1, 14-19.) The constitutionality of a statute is a question of law that is reviewed *de novo*. United States v. Dowai, 839 F.3d 877, 879 (9th Cir. 2016); United States v. Younger, 398 F.3d 1179, 1192 (9th Cir. 2005).

Here, Defendant raises a facial challenge to the constitutionality of 8 U.S.C. § 1325.

(Doc. No. 15 at 14.) The Supreme Court has explained that "a plaintiff can only succeed in a facial challenge by 'establish[ing] that no set of circumstances exists under which the Act would be valid,' i.e., that the law is unconstitutional in all of its applications." Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 449 (2008) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)). "[A] facial challenge must fail where the statute has a plainly legitimate sweep." Id. (internal quotation marks omitted). "In determining whether a law is facially invalid, [a court] must be careful not to go beyond the statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases." Id. at 449–50.

Title 8, United States Code, Section 1325(a) provides that: "Any alien who . . . (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, . . . , shall, for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both . . . ." 8 U.S.C. § 1325. Title 8, United States Code, Section 1101(a)(3) defines the term "alien" and provides that: "The term 'alien' means any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3).

In Morales-Santana, the Supreme Court held that the gender-based distinctions for derivative citizenship set forth in 8 U.S.C. §§ 1401(a)(7) and 1409(a) and (c) violate the Equal Protection Clause and, therefore, are unconstitutional. 137 S. Ct. at 1698, 1700–01 ("The gender-based distinction infecting §§ 1401(a)(7) and 1409(a) and (c), we hold, violates the equal protection principle."). Derivative citizenship is the "acquisition of U.S. citizenship by a child born abroad, when one parent is a U.S. citizen, the other, a citizen of another nation." Id. at 1686.

Defendant argues that because a conviction under § 1325 requires that the government prove that the defendant is "not a citizen or national," the Supreme Court's holding in Morales-Santana renders § 1325 facially unconstitutional. (Doc. No. 15 at 18-19.) The Court disagrees.

In order to succeed with his facial challenge to the constitutionality of § 1325,

Defendant must establish that no set of circumstances exists under which the statute would be valid, i.e., the law is unconstitutional in all of its applications. See Washington State Grange, 552 U.S. at 449. Defendant is unable to meet this burden because "[t]he severability clause in the Immigration and Nationality Act ('INA') dictates that the remainder of 8 U.S.C. §§ 1401 and 1409 was not affected by Morales-Santana." United States v. Duffy, 752 F. App'x 532, 533 (9th Cir. 2019) (citing 8 U.S.C. § 1101 note ("If any provision of this title . . . is held invalid, the remainder of the title . . . shall not be affected thereby.")); accord United States v. Madero-Diaz, 752 F. App'x 537, 538 (9th Cir. 2019). Thus, Defendant could properly be convicted under 8 U.S.C. § 1325, which incorporates the definitions of "alien" and "citizen" that were not affect by Morales-Santana. See id. In sum, Defendant has failed to establish that 8 U.S.C. § 1325 is unconstitutional. See Duffy, 752 F. App'x at 533 (rejecting a facial challenge to the constitutionality of 8 U.S.C. § 1326 based on the Supreme Court's decision in Morales-Santana); Madero-Diaz, 752 F. App'x at 538 (same); United States v. Benito-Mendoza, 2020 WL 206183, at *2 (rejecting a facial challenge to the constitutionality of 8 U.S.C. § 1325 based on the Supreme Court's decision in Morales-Santana).

## Conclusion

For the reasons above, the Court denies Defendant's appeal and affirms Defendant's conviction and judgment.

**IT IS SO ORDERED.**

DATED: April 6, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT